■ In the Matter of ROBERT J. SCIOS, Petitioner, v MARIO CUOMO, as Secretary of State of the State of New York, Respondent.—Determination of respondent Secretary of State, dated October 18, 1977, suspending the license of petitioner as a private investigator, is unanimously modified, on the law, to the extent of annulling so much of the determination as continues petitioner's suspension beyond January 31, 1978, and the petition is granted to that extent, and the determination is otherwise confirmed, with costs to petitioner. As it is conceded that a *nolle prosequi* had been entered in the criminal proceeding in the Bahamas more than two years before the determination by respondent, it was arbitrary and capricious to extend the suspension of petitioner's license indefinitely until he submitted written proof from an official Bahamas governmental agency that the charges against petitioner had "been dismissed or otherwise disposed of." This requirement has now caused petitioner's license to be suspended for almost two years after the determination, on an offense which respondent deemed to merit only a suspension of two months or a $250 fine. We think that this additional suspension was so disproportionate to the offense in the light of the circumstances as to be shocking to one's sense of fairness. *(Matter of Pell v Board of Educ.,* 34 NY2d 222, 233.) Concur—Fein, J. P., Sullivan, Markewich, Silverman and Ross, JJ.

■ PHYLLIS ZUCKERBERG, Appellant, v HARRY J. ZUCKERBERG, Respondent.—Order, Supreme Court, Bronx County, entered September 7, 1978, granting defendant's motion for summary judgment dismissing plaintiff's action for conversion of a one-half interest in three joint bank accounts, reversed, on the law, and defendant's motion for summary judgment denied, without costs. In an action for conversion of a one-half interest in three joint bank accounts brought by a wife against her husband some years after a divorce judgment, Special Term granted defendant's motion for summary judgment dismissing the complaint, on the view that a property settlement incorporated in the judgment of divorce disposed of all property disputes between the parties and precluded the action. We disagree. Although the property settlement was detailed in certain respects, aspects of it are at least open to the interpretation that future lawsuits were recognized as a possibility. Moreover the failure to allude to the joint accounts in the stipulation of settlement cannot be assumed to be without significance. Issues of fact as to the impact of the settlement on the rights of the parties with regard to the accounts are clearly raised, which preclude the granting of summary judgment and require a trial. Concur—Birns, J. P., Sandler, Bloom, Lane and Lupiano, JJ.

■ In the Matter of CIVIL SERVICE BAR ASSOCIATION, Respondent, v CITY OF NEW YORK, Respondent, HOWARD M. KATZ et al., Intervenors-Appellants, and JONATHAN P. BLUCHER et al., Intervenors-Respondents.—Order, Supreme Court, New York County, entered on May 4, 1979, unanimously affirmed, without costs and without disbursements, and the appeal from the order of said court entered on June 26, 1979, dismissed as nonappealable, without costs and without disbursements. No opinion. Concur—Fein, J. P., Sullivan, Markewich, Silverman and Ross, JJ.